UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition from
The FDIC as Receiver for Colonial Bank,

    Plaintiff,

vs.                                          Case No. 8:13-CV-2153-T-17AEP

JOMAR COMMERCE PARK, LLC,
a Florida limited liability company,
SHIRLEY INVESTMENT PROPERTIES, LLC,
a Florida limited liability company,
f/k/a Shirley Investment Properties, Inc.,
and WILLIAM B. SHIRLEY, individually

    Defendants.
_____/

**ORDER DENYING DEFENDANT'S
MOTIONS TO DISMISS THE AMENDED COMPLAINT**

This matter comes before the Court pursuant to Defendant's, JOMAR COMMERCE PARK, LLC ("Jomar"), Motion to Dismiss the Complaint, (Doc. # 12), filed September 11, 2013, and Plaintiff's, BRANCH BANKING AND TRUST COMPANY, Response in Opposition, (Doc. # 17), filed September 25, 2013. For the reasons set forth below, Jomar's motion is **DENIED**.

**BACKGROUND AND PROCEDURAL HISTORY**

On August 9, 2006, Jomar executed a loan agreement and commercial promissory note (the "Initial Note") with Plaintiff's predecessor-in-interest Colonial Bank. (Doc. # 1, ¶11–14). On March 23, 2007, Jomar executed a modified note, modifying and replacing the August 9, 2006, note (the "Modified Note"). Id. at ¶13. On March 28, 2008, Jomar

executed and delivered a second note to Plaintiff. Id. at ¶23. Jomar failed to timely satisfy a deficiency judgment entered against co-Defendant William B. Shirley. Id. at ¶15.

On August 20, 2013, Plaintiff filed a five-count Complaint, and the causes of action in which Jomar is a Defendant included enforcement of the terms of the Initial and Modified Notes ("Count I"); enforcement of the terms of the Subsequent Note ("Count II"); and foreclosure of the lien on the rents ("Count V"). (Doc. # 1). On September 11, 2013, Defendant Jomar filed the subject Motion to Dismiss, and Plaintiff responded on September 25, 2013. (Doc. # 12, 17).

## DISCUSSION

Generally, when multiple grounds are sought for dismissal—as is true in the case at bar—courts should address jurisdictional matters before reaching the merits of a plaintiff's claims. Republic of Panama v. BCCI Holdings (Luxembourg) S.A., 119 F.3d 935, 940 (11th Cir. 1997).

1. **Defendant is Not Prejudiced by any Deficiency in Service**

Defendant first argues Plaintiff did not comply with Federal Rule of Civil Procedure 4(a)(1)(G), which requires each summons bear the Court's seal. (Doc. # 12). Plaintiff opposes this argument, and claims Defendant failed to make a showing of prejudice, as is necessary when making a technical challenge to service. (Doc. # 17). The Eleventh Circuit Court of Appeals recognized the Ninth Circuit Court of Appeals holding that Rule 4 "is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Sanderford v. Prudential Ins. Co. of America, 902 F.2d 897, 900 (11th Cir. 1990) (quoting United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984). Concluding that substantial compliance may render

2

technical deficiencies immaterial to dismissal, the Eleventh Circuit determined that if a summons is in substantial compliance with Rule 4(b), the defendant must suffer some form of prejudice to make dismissal appropriate. Id. at 900–901. Here, Jomar failed to allege any deficiency beyond a lack of seal, and Jomar has not alleged any prejudice based on the lack of seal, therefore Jomar fails to meet its burden, and dismissal based on Federal Rule of Civil Procedure 12(b)(4) is **DENIED**.

**2. Plaintiff's Complaint States Claims Upon Which Relief May Be Granted**

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A Defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-pronged approached when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are

3

well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned [...] accusation." Id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

In Counts I and II of the Complaint, Plaintiff asserts Defendant Jomar failed to timely provide financial information described in Section 5.11 of the Initial Loan Agreement and Modified Loan Agreement. (Doc. # 1). Plaintiff further argues Defendant Jomar failed to satisfy the uncured Loan Agreement Defaults. Id. at ¶20. Defendant Jomar contends, albeit not timely, Jomar and all corporate defendants have "provided all requested information," and that Plaintiff "is manufacturing defaults against" Jomar, despite allegedly arbitrary deadlines. (Doc. # 12).

As is the standard in a motion to dismiss, this Court must accept the factual allegations as true and construed in a light most favorable to the Plaintiff. Alvarez, 679 F.3d at 1261. Construing the facts in this light, and eliminating the legal conclusions contained in the Amended Complaint, Plaintiff has sufficiently pleaded factual allegations upon which relief is plausible to survive Defendant Jomar's Motion to Dismiss. Am. Dental Ass'n, 605 F.3d at 1290. Defendant Jomar implores the Court to dismiss the case because the documents were ultimately provided to Plaintiff, (Doc. # 12); however, there

is no such protection under which Defendant Jomar may avail for providing the documents after the deadlines, nor has Defendant Jomar provided any authority—whether controlling or persuasive—to suggest this is not a material breach. The loan documents provide a 20-day period to which the Defendant must satisfy any written notice of default, (Doc. 1, Ex. C), as well as a 30-day cure period contained in Section 8.2 of the Initial Loan Agreement. (Doc. 1, Ex. B).

Similarly, Defendant Jomar fails to provide any authority to suggest its violations of the Initial Loan Agreement and other notes are immaterial or not, in fact, breaches. Thus, as Defendant Jomar has failed to carry its burden for requesting dismissal of the Complaint, the Court, required to construe the facts in a light most favorable to Plaintiff, finds for the purposes of Defendant Jomar's Motion to Dismiss that Plaintiff has more than a "sheer possibility" of prevailing against Defendant Jomar as pleaded, and, therefore, dismissal of Count I is **DENIED**.

By virtue of the defaults considered in Count I of the Amended Complaint, In Count III of the Amended Complaint, Plaintiff asserts a superior interest in, and request for foreclosure on, the rents of the mortgage. Defendant Jomar does not challenge the legality of this request, but rather the materiality of the breaches that trigger the foreclosure on the rents. For the reasons stated, <u>supra</u>, this Court finds Count III sufficiently states facts that, when construed in a light most favorable to the Plaintiff, provide plausible entitlement to relief. Therefore, dismissal of Count III is **DENIED**.

Accordingly, it is **ORDERED** that Dismissal of Counts I, II, and V of the Complaint is **DENIED**.

Case No. 8:13-CV-2153-T-17AEP

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of September, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel and Parties of Record