UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition from
The FDIC as Receiver for Colonial Bank,

    Plaintiff,

vs.                                         Case No. 8:13-CV-2153-T-17AEP

JOMAR COMMERCE PARK, LLC,
a Florida limited liability company,
SHIRLEY INVESTMENT PROPERTIES, LLC,
a Florida limited liability company,
f/k/a Shirley Investment Properties, Inc.,
and WILLIAM B. SHIRLEY, individually

    Defendants.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO QUASH SERVICE AND DENYING DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

This matter comes before the Court pursuant to Defendant WILLIAM B. SHIRLEY's ("W. Shirley") Motion to Dismiss Count III and Quash Service of Process, (Doc. # 13), filed September 12, 2013, Plaintiff's, BRANCH BANKING AND TRUST COMPANY, Response in Opposition, (Doc. # 16), filed September 25, 2013, W. Shirley's Motion to Dismiss the Complaint, (Doc. # 22), filed October 21, 2013, and Plaintiff's Response in Opposition, (Doc. # 24), filed November 1, 2013. For the reasons set forth below, the Defendant's Motion to Dismiss is **DENIED**, and the Defendant's Motion to Quash Service is **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

On August 9, 2006, Jomar Commerce Park, LLC ("Jomar") executed a loan agreement and commercial promissory note (the "Initial Note") with Plaintiff's predecessor-in-interest Colonial Bank. (Doc. # 1, ¶11–14). On March 23, 2007, Jomar executed a modified note, modifying and replacing the August 9, 2006, note (the "Modified Note"). Id. at ¶13. On March 28, 2008, Jomar executed and delivered a second note to Plaintiff. Id. at ¶23. Jomar failed to timely satisfy a deficiency judgment entered against co-Defendant W. Shirley. Id. at ¶15. W. Shirley executed a personal guaranty of Jomar's performance under the loan documents. Id. On August 20, 2013, Plaintiff filed a five-count Complaint, and the sole cause of action in which W. Shirley is a Defendant includes an action against W. Shirley's guaranties (Count III). (Doc. # 1). On September 12, 2013, W. Shirley filed his Motion to Quash Service and Dismiss Count III of the Complaint—the only count applicable to Defendant W. Shirley individually—and Plaintiff responded September 25, 2013.

## DISCUSSION

**1. Plaintiff Failed to Properly Serve Defendant**

Defendant requests the Court quash service of process in this case with respect to Count III, and as the basis cites Plaintiff's service of process on Defendant's wife, rather than Defendant himself. Federal Rule of Civil Procedure 4 outlines the requirements for service in district court, which allows for service of process by following state law for serving a summons. Fed. R. Civ. P. 4(e)(1). Plaintiff's response to Defendant's contention of improper service is silent with respect to Plaintiff's failure to meet specific requirements of Florida Statute § 48.031(2)(a), in particular substitution of service "if the

2

spouse requests such service." (Doc. # 16). Here, Defendant has filed an affidavit from his spouse Jody Shirley, which affirmatively swears such substitution was never requested. (Doc. # 13, Exhibit B). Plaintiff has failed to rebut this point, and rather argues the "harmless" deficiency should not preclude suit. (Doc. # 16).

Defendant's Motion to Quash Service is hereby **GRANTED** to the extent Plaintiff must re-serve Defendant properly and in accord with Federal Rule of Civil Procedure 4 and Florida Statute § 48.031. Plaintiff shall procure such service within fifteen (15) days of the date of this order, and such service will be considered nunc pro tunc. Absent a showing of good cause,[1] should Plaintiff fail to procure service as outlined above, the Court will dismiss Count III of the Complaint under Federal Rule of Civil Procedure 12(b)(5).

### 2. Plaintiff's Complaint States a Claim Upon Which Relief May Be Granted

Under Federal Rule of Civil Procedure 8(a)(2), a Plaintiff's complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." A Defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim on which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "While a complaint attacked by a [Rule] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his [or her] entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation

---

[1] For example, Plaintiff is unable to serve Defendant based on the deliberate actions of the Defendant; however, this is not a suggestion Defendant would deliberately avoid service, but rather an example for a showing of good cause.

3

of the elements of a cause of action will not do." Id. at 555 (second alteration in original) (citation omitted) (internal quotation marks omitted).

On a Rule 12(b)(6) motion to dismiss, a court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." Alvarez v. Attorney Gen. for Fla., 679 F.3d 1257, 1261 (11th Cir. 2012). Courts follow a two-prong approached when considering a motion to dismiss: "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009)). If "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," then the claim meets the "plausibility requirement," but it requires "more than a sheer possibility" that the allegations are true. Id. "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned [...] accusation." Id. (quoting Twombly, 550 U.S. at 555 (citing Papasan v. Allain, 478 U.S. 265 (1986)).

Count III of the Complaint mirrors Count I in part with respect to supplying certain documents in a timely manner—Count III alleges Defendant W. Shirley as an individual and guarantor of the lending agreements failed to provide documents in accord with the loan documents. Defendant W. Shirley contends albeit not timely, some of these documents were ultimately provided to Plaintiff.

As is the standard in a motion to dismiss, this Court must accept the factual allegations as true and construed in a light most favorable to the Plaintiff. Alvarez, 679

Case No. 8:13-CV-2153-T-17AEP

F.3d at 1261. Construing the facts in this light, and eliminating the legal conclusions contained in the Complaint, Plaintiff has sufficiently pleaded factual allegations upon which relief is plausible to survive Defendant W. Shirley's Motion to Dismiss. Am. Dental Ass'n, 605 F.3d at 1290.

Defendant W. Shirley implores the Court to dismiss the case because most documents were ultimately provided to Plaintiff, and additional documents will be provided upon receipt. (Docs. # 13, 22). However, there is no such protection under which Defendant W. Shirley may avail for providing the documents after the deadlines, nor has Defendant W. Shirley provided any authority—whether controlling or persuasive—to suggest this is not a material breach. The Court, required to construe the facts in a light most favorable to Plaintiff, finds for the purposes of Defendant W. Shirley's Motion to Dismiss that Plaintiff has more than a "sheer possibility" of prevailing against Defendant W. Shirley as pleaded, and, therefore, dismissal of Count II is **DENIED**.

Accordingly, it is **ORDERED** that:

1. Service of process with respect to Defendant W. Shirley is **QUASHED**. Plaintiff shall properly serve Plaintiff within fifteen (15) days from the date of this Order;

2. Dismissal of the Complaint is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of September, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record