UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND TRUST
COMPANY, a North Carolina banking
corporation, as successor-in-interest to
Colonial Bank by asset acquisition from
The FDIC as Receiver for Colonial Bank,

      Plaintiff,

vs.                                      Case No. 8:13-CV-2153-T-17AEP

JOMAR COMMERCE PARK, LLC,
a Florida limited liability company,
SHIRLEY INVESTMENT PROPERTIES, LLC,
a Florida limited liability company,
f/k/a Shirley Investment Properties, Inc.,
and WILLIAM B. SHIRLEY, individually

      Defendants.

_____/

## ORDER GRANTING PLAINTIFF'S
## MOTION FOR THE SEQUESTRATION OF RENTS

This matter comes before the Court pursuant to Plaintiff's, BRANCH BANKING AND TRUST COMPANY, Motion for Sequestration of Rents, (Doc. # 14), filed September 16, 2013, and Defendants', JOMAR COMMERCE PARK, LLC's ("Jomar") and SHIRLEY INVESTMENT PROPERTIES, LLC ("SIP"), Response in Opposition, (Doc. # 18), filed September 30, 2013. For the reasons set forth below, the Plaintiff's Motion is **GRANTED**.

## BACKGROUND AND PROCEDURAL HISTORY

On August 9, 2006, Jomar executed a loan agreement, commercial promissory note, and assignment of rents with Plaintiff's predecessor-in-interest Colonial Bank ("Colonial Bank"). (Doc. # 14, ¶¶1–5). That same day, Colonial Bank recorded the loan agreement, commercial promissory note, and assignment of rents in the public records of

Pinellas County, Florida. Id. On March 23, 2007, Jomar executed and delivered to Colonial Bank a note modifying the principal amount of $7,125,000.00, and Colonial Bank recorded that modified note on March 26, 2007. Id. On March 28, 2008, Jomar executed and delivered to Colonial Bank a second note for a principal amount of $304,000.00. Id.

On August 9, 2006, Jomar executed a future advance promissory note with Colonial Bank, and Colonial Bank recorded the future advance promissory note in Pinellas County on August 9, 2006. Id. at ¶5. On March 23, 2007, Jomar executed a modified future advance promissory note with Colonial Bank, and Colonial Bank recorded that document on March 26, 2007. Id. On October 25, 2012, and October 31, 2012, Plaintiff filed UCC Financing Statements with the Secretary of State of Florida, which were subsequently amended and filed April 9, 2013. Id.

On August 20, 2013, Plaintiff filed a five-count Complaint. The causes of action included enforcement of the terms of the Initial and Modified Notes ("Count I"); enforcement of the terms of the Subsequent Note ("Count II"); action on guaranties against William B. Shirley ("Count III"); action on guaranties against SIP ("Count IV"); and foreclosure of the lien on the rents ("Count V"). (Doc. # 1). Plaintiff now moves to sequester rents, and Defendants oppose.

## DISCUSSION

Chapter 697 of the Florida Statutes controls instruments deemed mortgages and the nature of a mortgage. Federal courts must apply the substantive law of the forum state. Technical Coating Applicators, Inc., v. United States Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). When a plaintiff brings suit to foreclose her liens on a property, a court of competent jurisdiction may, upon motion from plaintiff, pending final adjudicating

of the action, require the defendant to deposit collected rents into the registry of the court. Fla. Stat. § 697.07(4). To prevail, the plaintiff need only make a bare showing of a pending foreclosure action with an assignment of rents provision. Wane v. U.S. Bank, Nat. Ass'n, 128 So.3d 932, 934 (Fla. 2d DCA 2013). Before such collected rents are deposited, however, a court may authorize the use of same to: (a) pay the reasonable expenses solely to protect, preserve, and operate the property, including real estate taxes and insurance; (b) escrow sums required by separate assignment of rents instruments; and (c) make payments to the mortgage. Fla. Stat. § 697.07(4)(a)–(c).

In Count V of Plaintiff's Complaint, Plaintiff moves, under Florida Statutes §§ 697.01 and 697.07, to foreclose its lien on rents, issues, and profits derived from the property at issue in this litigation. As discussed above, Plaintiff has made the "bare showing" of the pending foreclosure; it filed and recorded the necessary paperwork to perfect its interest for a lien against the subject property and rents derived therefrom. Defendants challenge Plaintiff's Motion insofar that Plaintiff has not articulated a valid default—monetary or otherwise, and that Plaintiff has not filed proper UCC paperwork to lay claim as a valid first priority lien on the subject rents. (Doc. # 18).

Plaintiff has brought a foreclosure action via Count V of the Complaint, in which Plaintiff specifically cites the aforementioned Florida Statutes §§ 697.01 and 697.07 as the basis. While Plaintiff may not have yet requested sale of the property to satisfy this foreclosure,[1] it is a foreclosure nevertheless. Further, while Defendants raise concerns regarding Plaintiff's priority with respect to liens, the rents are being sequestered by the Court in accord with Florida Statute § 697.07(4), rather than assigned and disbursed to

---

[1] Plaintiff did, however, request "such other and additional relief [the] Court may deem just and appropriate," which could include eventual sale of the subject property to satisfy the liens.

Case No. 8:13-CV-2153-T-17AEP

Plaintiff in accord with Florida Statute § 697.07(3). Finally, while Defendants insist the alleged actions are not defaults, monetary or otherwise, the Court has reviewed the multiple motions to dismiss and concluded Plaintiff has met its burden to survive the motions to dismiss. The Court's findings are reincorporated by reference, and the Court finds the alleged defaults meet the "bare showing" to permit sequestration of the rents. <u>Wane</u>, 128 So.3d at 934.

Accordingly, it is **ORDERED** that:

1.   Plaintiff's Motion for Sequestration of Rents is **GRANTED**. Defendants, Jomar Commerce Park, LLC, and Shirley Investment Properties, LLC shall:
     (a) Deposit rents into the registry for the United States District Court for the Middle District of Florida, less the exceptions as outlined in <u>Florida Statute</u> § 697.07(4)(a)–(c), if any;
     (b) Provide Plaintiff with a certified rent roll reflecting all collected rents received from and expenses incurred for the preceding 12 months from the date of this Order for the subject property;
     (c) Provide Plaintiff with a monthly certified rent roll reflecting all collected rents received from and expenses incurred for the subject property; and
     (d) Provide Plaintiff with a receipt for each expense reflected on each certified rent roll.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 10th day of September, 2014.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to:   All Counsel and Parties of Record