UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRANCH BANKING AND
TRUST COMPANY, etc.,

    Plaintiff,

v.                                      CASE NO. 8:13-CV-2153-T-17AEP

JOMAR COMMERCE
PARK, LLC, etc.,
et al.,

    Defendants.

_____/

ORDER

This cause is before the Court on:

Dkt. 46    Motion for Enforcement of Settlement Agreement and Stay of Litigation
Dkt. 49    Response in Opposition

On September 19, 2014, the Plaintiff and Defendants participated in a mediation that includes this case, Case No. 8:13-CV-1951-T-17MAP, and Case No. 8:13-CV-1952-T-17EAJ. At that time, the Parties executed the "Mediation Outline" Agreement; the Agreement is signed by Plaintiff Branch Banking and Trust Company and Defendants Jomar Hudson, LLC, Jomar Real Investments, LLC (sic), Jomar Commerce Park, LLC, Shirley Investment Properties, LLC, William B. Shirley, individually, and Jody Shirley (Dkt. 46-1).

    The Mediation Outline shows that the parties contemplated that the terms of the Mediation Outline would be set forth in a Global Settlement Agreement. The time of execution of the Global Settlement Agreement was intended to establish the "Closing

Case No. 8:13-CV-2153-T-17AEP

Date," after which the Defendants were to transfer to Plaintiff Deeds in Lieu of Foreclosure as to the Jomar Hudson and Shirley Investment Properties real estate on or before October 31, 2014, unless extended in writing by Plaintiff. The Mediation Outline includes other terms of the Parties' Agreement, for example, inter alia, an agreement for payment of monies to Plaintiff within 150 days of the Closing Date, the abatement of litigation for 150 days from the Closing Date, the entry of stipulations for final judgment in the event of nonpayment, an environmental assessment conducted by Plaintiff, the appointment of a receiver in the event that the environmental assessment is not acceptable to Plaintiff, the eventual exchange of appropriate mutual general releases, including releases of all guaranties of Shirley Investment Properties, LLC and William B. Shirley, and the filing of a joint stipulation for dismissal of the cases upon timely performance of all conditions in the Mediation Outline.

The post-mediation negotiations as to essential terms, and the absence of an executed Global Settlement Agreement show that no enforceable settlement agreement was reached. The Parties expressly contemplated that a final written agreement establishing more definitive terms would be executed, and no Global Settlement Agreement was ever signed. The further acts which the Parties agreed would be triggered by the Closing Date, set by the Global Settlement Agreement, did not take place.

Although there are additional reasons for the Court to find that a binding settlement agreement was not reached, the absence of the executed Global Settlement Agreement alone is sufficient for the Court to find that no enforceable settlement agreement was reached. Dows v. Nike, Inc., 846 So.2d 595, 602 (Fla. 4th DCA 2003)(record establishes the parties' intent to take further action prior to completion of a binding agreement). The Court denies Defendants' Motion for Enforcement of Settlement Agreement and Stay of Litigation. Accordingly, it is

Case No. 8:13-CV-2153-T-17AEP

**ORDERED** that Defendants' Motion for Enforcement of Settlement Agreement and Stay of Litigation (Dkt. 46) is **denied.**

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 26 day of January, 2015.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record